Tucker P.
On the question of jurisdiction, in this case, I have no difficulty. Martin Drewry the bail had a right to avail himself of every defence of payment or set-off against Mann’s demand. His principal, John Drewry, was bound in equity to afford him all these defences; and to have withdrawn them, by transfer to another, or by pocketing the amount of his set-offs himself, and leaving his bail to pay the whole debt for him, rvould have been a fraud of the deepest die. The bail is, indeed, by his engagement, bound for the debt of the principal; but the principal himself was only debtor for the difference between the amount of his promissory note and that of his discounts. Even at law, the bail would be entitled to use the set-offs of the principal ; for the statute provides, that the bail may defend the suit; and as it does not limit him to any one defence, he must be, and always has been, considered as entitled to all the defences of which the principal might avail himself.
In another view, there can be no doubt. Mann’s judgment is hanging over the bail. He obtains an injunction, and makes the principal a party. He states all the facts, and prays relief. Has he not a right to demand, that the principal shall pay the debt? And if the principal has already money enough in the creditor’s hands to pay it, has he not a right to demand, that that application shall be made of it?
The case is not changed by the death of the principal, and the grant of administration of his estate. For the right had attached by the demand in this suit, in which John Drewry was made a party. The account for work done by *300 for Mann, was withdrawn from his general assets, if it ever could have been considered as part of them (which I do not think it could) until this debt was paid. For, if the administrator had sued Mann, Mann might have set-off this debt. Bull. N. P. 179. Moreover, the administrator, having made no defence, or pleaded debts of superiour dignity, the bail has a right to be indemnified out of these funds.
Then, the question is, whether the bail lost his remedy, because he did not make his defence at law 1 I think not. Waiving the considerations which obviously present themselves, for greater indulgence to the bail than to the principal, for omitting a legal defence, it may safely be asserted, that there never was a more complete case of surprize. The victory of the bail in the hustings court, on his motion to be discharged, has been his ruin. If he had failed there, .he would have gone on to defend the suit. But the hustings court discharged him. Of course, the office judgment was not set aside, and peremptory judgment was given against the principal. The plaintiff Mann appealed. The circuit court reversed the judgment, which had declared the bail to be exonerated, and proceeding to enter such judgment, as according to its opinion ought to have been given, gave peremptory judgment against him. How could he prevent it ? The circuit court could not entertain a motion to set aside the office judgment, and remand the cause for further proceedings ; nor could it, on his motion, have set aside the office judgment, received his plea, and proceeded to try”the case. 1 am not aware how he could, by any means, have been let into a defence at law. Here, then, was a complete surprize upon him, which demanded the relief of a court of equity.
The question of fact is more difficult. I think, however, it sufficiently appears, on the one hand, that there were set-offs, which entitled the plaintiff to relief, but not so ascertained and established, as to justify a perpetuation of the injunction. [The judge examined the evidence, and shewed, that it left many of the facts doubtful, or not ascertained with precision]. For this reason, I am of opinion, that this *301 court (sustaining the jurisdiction) should reverse the decree, and remand the cause, in order that it may be referred to a commissioner to settle the account of the set-offs to which Martin Drewry, in right of John Drewry, is entitled.
Cabell and Brockenbeough, J. concurred.